**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CAROLYN BARNETT, ) | |
| ) | CASE NO.   1:07-cv-3367 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| MICHAEL J. ASTRUE, ) | |
|   Commissioner of Social Security, ) | **MEMORANDUM OF OPINION** |
| ) | |
| Defendant. ) | |

This case is before the magistrate judge by the consent of the parties.  Pending before the court is the petition of counsel for plaintiff, Carolyn Barnett ("Barnett"), for approval of attorney's fees and costs pursuant to  the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. No. 22).  The Commissioner opposes the petition and, in the alternative, opposes the amount requested (Doc. No. 23).  For the reasons set forth below, the court grants the fees as requested but for somewhat different reasons than those set forth in the parties' briefs.

I.

Barnett filed applications for DIB and SSI in April 2003, alleging disability as of December 13, 2002 due to a back injury.  Her applications were denied initially and upon reconsideration.  Barnett timely requested an administrative hearing.

Administrative Law Judge William J. Hafer ("ALJ") held a hearing on January 4,

2006. Barnett, represented by counsel, testified on her own behalf at the hearing. Edward Wood testified as a vocational expert ("VE").  The ALJ issued a decision on June 15, 2006 in which he determined that Barnett is not disabled.  Barnett requested a review of the ALJ's decision by the Appeals Council.  When the Appeals Council declined further review on August 31, 2007, the ALJ's decision became the final decision of the Commissioner.

Barnett filed an appeal to this court on October 30, 2007.  Barnett alleged that the ALJ erred by (1) failing to accord proper weight to the opinion of Barnett's treating physician and (2) conducting a faulty assessment of Barnett's credibility by failing to consider Barnett's documented obesity.  On July 24, 2008 the court vacated the final decision of the Commissioner and remanded the case for further proceedings.  The court directed the ALJ to (1) consider Barnett's allegation of impairment due to lumbo-sacral strain or sprain and its effects, if any, in producing her alleged symptoms; (2) consider Barnett's obesity and its contribution, if any, to her alleged symptoms; and (3) reconsider Barnett's credibility in light of these analyses.  The court further noted that the ALJ misunderstood the basis for the opinions of Barnett's treating physician and made factual errors in describing those opinions.

Barnett now requests attorney's fees in the amount of $3,595.51 for 22.2 hours work and costs in the amount of $31.00 pursuant to EAJA.

II

Upon application, the court shall award fees and other expenses to a prevailing party other then the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The "substantial justification" standard requires that the government's

position be "'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position, in other words, must "have a reasonable basis in both fact and law." *Id.; Trident Marine Constr., Inc. v. District Eng'r*, 766 F.2d 974, 980 (6th Cir. 1985). The Sixth Circuit has held that the "substantial justification" standard "is essentially one of reasonableness." *Kerr v. Heckler*, 575 F. Supp. 455, 457 (S.D. Ohio 1983), citing *Wyandotte Sav. Bank v. NLRB*, 682 F.2d 119, 120 (6th Cir. 1982). The pertinent inquiry is whether the position maintained by the Commissioner "had a reasonable basis in law and fact." *Id.* "[W]hen an EAJA application is considered by this Court, the agency normally bears the burden of demonstrating substantial justification." *E.W. Grobbel Sons, Inc. v. National Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999) (citing *Timms v. United States,* 742 F.2d 489, 492 (9th Cir. 1984)).

The court found that the ALJ's determination that Barnett could perform her past relevant work was not supported by substantial evidence. The ALJ arrived at this conclusion by failing to identify Barnett's primary alleged impairment as lumbo-sacral strain or sprain, failing to consider Barnett's obesity in conjunction with her other impairments, failing to conduct an appropriate assessment of Barnett's credibility regarding the symptoms caused by her impairments, making at least three significant factual errors in describing the record, and failing to follow Social Security Ruling 96-7p (describing how to evaluate a claimant's credibility) and SSR 02-1p, 2000 WL 628049 (describing when the agency will consider obesity in determining whether a claimant is disabled). An opinion characterized by these flaws cannot be said to have a sufficient basis in law or fact to allow a reasonable person to reach the conclusion that Barnett can perform her past relevant

3

work.  Because the ALJ's conclusion that Barnett is capable of performing past relevant work did not have a reasonable basis in law or fact, the ALJ's conclusion was not substantially justified.  Thus, an award of attorney fees under EAJA is appropriate.

` III

*A.  The Hourly Rate for Attorney Fees*

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  Barnett requests fees at a rate of $ 176.25 per hour.  Defendant raises four objections to this rate:  (1) the compensation for inflation that this rate represents is not mandated by law; (2) the rate represents the United States city average for the entire country rather than the Midwest regional average; (3) the rate for the 1.1 hours of work done in 2007 was improperly billed at the 2008 rate; and (4) the work done in 2008 should be billed at the half-year average rate.  The court shall examine each of these objections in turn.

That increasing the hourly rate for attorney's fees to account for inflation is not *mandated* by law does not preclude a court from doing so.  Title 28 U.S.C. 2412 awards fees and other expenses to certain prevailing plaintiffs in social security appeals.  Subsection 2412(d)(2)(A) provides in relevant part as follows:

> "fees and other expenses" includes . . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.) . . . .

4

Had Congress not believed that an increase in the cost of living warranted payment of attorneys fees at a rate higher than $125 an hour, it would not have written that provision into law. Defendant is correct that absent a showing of the presence of some additional factor, courts may not award fees in excess of the cost of living plus an increase compensating for the rate of inflation. That is no argument, however, for not adjusting for the rate of inflation. As defendant provides no reason why this court should not adjust the awarded fees to compensate for inflation, the court will take inflation into account.[1]

Defendant also argues that plaintiff calculates fees at the United States city average rather than at the Midwest regional average. Defendant provides no explanation as to why one average is more appropriate than the other. Neither rate seems, on its face, inappropriate. As defendant shows no reasons for preferring one rate over the other, the court shall accept plaintiff's calculation in this regard.

Defendant's argument that hours billed in 2007 should be calculated at the 2007 rate is entirely correct. Defendant cites the 2007 rate as $163.25 per hour. Barnett charged 1.1 hours of work done in 2007 at the rate of $176.25. Thus, Barnett charged $193.88 for work done in 2007 when the proper charge should have been $179.58. Thus, $14.30 should be deducted from the requested attorney's fees.

---

[1] In arguing that a rate of $147 an hour is more appropriate than $176.25 per hour, defendant asserts that this court has previously recognized that an increase to $147 an hour was reasonable. Defendant cites *Fawcett v. Barnhart*, 2008 WL 2783494 (N.D. Ohio July 15, 2008), for this proposition. In *Fawcett*, the Commissioner argued that an hourly rate of $147 was an appropriate compensation for inflation. As the court noted, although plaintiff argued that an increase for inflation was warranted, plaintiff failed to offer any specific amount of increase. The court accepted the increase proposed by the Commissioner by default. Such a case is not applicable to the instant case in which the appropriate amount *is* under dispute.

5

Defendant is again correct in arguing that work done largely in the first half of 2008 is more properly calculated by using the half-year average rather than the rate for July 2008, the last month in which work was done. Defendant calculates this rate as $168.72 per hour. Barnett charged $176.25 per hour for 21.1 hours of work. This amount should have been calculated as $3,718.88, but Barnett apparently calculated this amount as $3,401.63.[2] Barnett should have charged $3,559.99, using the mid-year average rate for 2008. Thus, Barnett's requested fee for work done in 2008 was apparently below the allowed amount by $158.36.

The upward error in the amount billed for work done in 2007 is exceeded by the apparent downward error in the amount billed for work done in 2008. As the apparent downward error exceeds the upward error, the court will award the attorney's fees in the amount requested.

*B. The number of hours billed*

Barnett's requested fees represent 22.2 hours of work. Defendant does not object to the number of hours billed, and this amount appears reasonable. The court, therefore, approves the number of hours as billed.

*C. Costs*

Barnett also seeks an award of $31.00 in costs for copying and postage. Costs and expenses awardable pursuant to EAJA may include, *inter alia*, reasonable reimbursement for photocopying charges, long distance telephone charges, travel expenses, and postage

---

[2] Barnett does not list a total for work done solely in 2008, so it is impossible to know what amount Barnett calculated to be the total attorney's fees for work done in 2008. As the proper total for work done in 2008 alone exceeds the amount requested for work done in 2007 and 2008 combined, Barnett obviously miscalculated fees at some point.

and shipping charges. *International Woodworkers of America, AFL-CIO v. Donovan,* 792 F.2d 762, 767 (9th Cir. 1986).

Defendant does not object to the amount of costs detailed by Barnett.  The court, therefore, approves the requested costs as billed.

IV

For the reasons given above the court awards $3,595.51 in attorney's fees and $31.00 in costs pursuant to EAJA, for a total of $3,626.51.

IT IS SO ORDERED.


                                        s/ Nancy A. Vecchiarelli
                                        U.S. Magistrate Judge

Date:  December 9, 2008