**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CAROLYN BARNETT, ) | |
| ) | CASE NO.   1:07-cv-3367 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| MICHAEL J. ASTRUE, ) | |
|   Commissioner of Social Security, ) | **MEMORANDUM OF OPINION** |
| ) | |
| Defendant. ) | |

This case is before the magistrate judge by the consent of the parties.    Pending before the court is the motion of counsel for plaintiff, Carolyn Barnett ("Barnett"), for a ruling on Barnett's supplemental application for attorney's fees and costs pursuant to  the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. No. 26).   The Commissioner opposes the motion (Doc. No. 27).  In her reply, Barnett's attorney also makes an additional supplemental application for attorney's fees incurred in litigating the original supplemental application (Doc. No. 28).  For the reasons set forth below, the court grants the fees as requested.

I.

Barnett filed applications for DIB and SSI in April 2003, alleging disability as of December 13, 2002 due to a back injury.  Her applications were denied initially and upon reconsideration.  Barnett timely requested an administrative hearing.

Administrative Law Judge William J. Hafer ("ALJ") held a hearing on January 4, 2006. Barnett, represented by counsel, testified on her own behalf at the hearing. Edward Wood testified as a vocational expert ("VE"). The ALJ issued a decision on June 15, 2006 in which he determined that Barnett is not disabled. Barnett requested a review of the ALJ's decision by the Appeals Council. When the Appeals Council declined further review on August 31, 2007, the ALJ's decision became the final decision of the Commissioner.

Barnett filed an appeal to this court on October 30, 2007. Barnett alleged that the ALJ erred by (1) failing to accord proper weight to the opinion of Barnett's treating physician and (2) conducting a faulty assessment of Barnett's credibility by failing to consider Barnett's documented obesity. On July 24, 2008 the court vacated the final decision of the Commissioner and remanded the case for further proceedings. The court directed the ALJ to (1) consider Barnett's allegation of impairment due to lumbo-sacral strain or sprain and its effects, if any, in producing her alleged symptoms; (2) consider Barnett's obesity and its contribution, if any, to her alleged symptoms; and (3) reconsider Barnett's credibility in light of these analyses. The court further noted that the ALJ misunderstood the basis for the opinions of Barnett's treating physician and made factual errors in describing those opinions.

Barnett requested attorney's fees in the amount of $3,595.51 for 22.2 hours work and costs in the amount of $31.00 pursuant to EAJA for work performed in this court in litigating her appeal. Barnett's reply to the Commissioner's opposition brief included a supplemental application for EAJA funds in the amount of $881.25 representing 5.0 hours of attorney's time for preparing Barnett's reply brief. The court's award of fees and costs did not address this supplemental application. Barnett now moves for a ruling on her

supplemental application, and the Commissioner opposes this motion. Barnett's reply includes a second supplemental application pursuant to EAJA for fees in the amount of $440.62 representing 2.5 hours of attorney's time for preparing Barnett's reply to the Commissioner's opposition to her supplemental motion.

In *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990), the Supreme Court found that once the government's position in a case had been found not substantially justified, courts should generally award plaintiff all reasonable fees and costs of all phases of litigating the case, including applying for fees pursuant to EAJA. The Commissioner argues, however, that plaintiff's supplemental application was cursory, that it is within this court's discretion not to award additional fees, and that the court's previous award covered all reasonable fees. Plaintiff properly responds that although the supplemental application was brief, it contained all information necessary to allow the court to determine whether an additional award was reasonable. Plaintiff also points out that while the court may have discretion not to award additional fees, the Commissioner advances no reason why they should be denied. Finally, plaintiff notes that the court did not rule on its supplemental application in making the initial award of fees.

Plaintiff's supplemental applications totaling $881.25 represents 5.0 hours of attorney's time for preparing Barnett's reply brief and $440.62 representing 2.5 hours of attorney's time for preparing Barnett's reply to the Commissioner's opposition to her motion at a rate of $176.25 per hour.[1] The Commissioner does not challenge the reasonableness

---

[1] Barnett requests, in the alternative, that the most recent two hours spent replying to the opposition to her motion be compensated at a rate of $500.00 per hour pursuant to the "bad faith" provision of EAJA at 28 U.S.C. § 2412(b), citing *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988). As *Baker* notes, courts interpret the "bad faith" provision very

3

of the time spent or the rate charged.  The court finds both the number of hours and the rate to be reasonable.  Thus, pursuant to the holding in *Jean*, the court grants the supplementary applications as requested.

IV

For the reasons given above the court awards supplementary attorney's fees pursuant to EAJA of $881.25 and $440.62 for a total of $1,321.87.

IT IS SO ORDERED.


                                                   s/ Nancy A. Vecchiarelli
                                                   U.S. Magistrate Judge

Date:  February 4, 2009

---

narrowly, and the court declines to make such an award under the circumstances of the instant case.